# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **GOLDEN BEAR INSURANCE COMPANY** § § § | |
| **Plaintiff,** § § | CIVIL ACTION NO. 4:23-cv-1933 |
| V. § § | |
| **34th S&S, LLC D/B/A CONCRETE COWBOY; DANIEL JOSEPH WIERCK; KACY CLEMENS; AND CONNER CAPEL,** § § § § § § | |
| **Defendants.** § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Golden Bear Insurance Company ("Golden Bear" or "Plaintiff") files this Original Complaint and Request for Declaratory Judgment seeking a determination that the insurance policy at issue does not provide coverage in connection with a final judgment in excess of policy limits.

## NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, in which Golden Bear seeks an adjudication of its rights and obligations under a Commercial General Liability Policy (the "Policy"). Plaintiff seeks a declaration that it has no obligation under the Policy to further indemnify its insureds against a final judgment entered in favor of Clemens and Capel, resulting from an alleged altercation at the insureds' restaurant and bar premises (the "Underlying Lawsuit").

2. Declaratory judgment is appropriate because Defendants have requested Plaintiff pay the full judgment, which is in excess of the available policy limits. Plaintiff seeks a declaration

**COMPLAINT FOR DECLARATORY JUDGMENT** – Page 1

that it has no obligation to pay any part of the judgment in excess of the available policy limits, which have already been paid to Clemens and Capel.

## THE PARTIES

3. Plaintiff, Golden Bear, is a corporation organized and existing under the laws of the State of California, with its principal place of business in Stockton, California.

4. Defendant, 34th S&S, LLC d/b/a Concrete Cowboy ("Concrete Cowboy"), is a Texas corporation whose principal office is in Harris County, Texas, and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St, Ste. 900, Dallas, Texas 75201-3140.

5. Defendant, Daniel Joseph Wierck ("Wierck"), is an individual residing in Harris County, Texas, and may be served with process at his usual place of abode at 811 Buffalo Park Dr. PH 2305, Houston. Texas 77019, or wherever he may be found.

6. Defendant, Kacy Clemens ("Clemens"), is an individual residing in Montgomery County, Texas, and may be served with process at his usual place of abode at 1715 Mission Oaks Ct., Conroe, Texas 77304, or wherever he may be found.

7. Defendant, Conner Capel ("Capel"), is an individual residing in Montgomery County, Texas, and may be served with process at his usual place of abode at 7910 Summit Trail Ln., Porter, Texas 77365, or wherever he may be found.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of California and citizens or subjects of a foreign state.

9. This Court has personal jurisdiction over the Defendants because this action arises

**COMPLAINT FOR DECLARATORY JUDGMENT** – Page 2

out of their specific contacts with Texas and they have continuous and systematic contacts with Texas such that exercising specific and general jurisdiction does not offend traditional notions of fair play and substantial justice.

10. Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

### *The Policy*

11. Golden Bear issued Commercial General Liability Policy No. GBL 10972 to 34th S&S, LLC dba: Concrete Cowboy Houston. The Policy was effective from September 28, 2018 to September 28, 2019, and had a policy limit of $1,000,000, a limit that erodes with the payment of defense costs. A true and accurate copy of the Policy is attached hereto as Exhibit 1, and incorporated by reference.

12. Concrete Cowboy and Wierck ("Wierck") are insureds under the Policy, and collectively referred to herein as "insureds".

13. Pursuant to the Policy terms (**LIMITED ASSAULT & BATTER COVERAGE With Defense Inside Limits**), the Policy will indemnify the insureds for all sums which the insureds becomes legally obligated to pay as damages because of "bodily injury" to which the Policy applies.

14. The Policy also obligates Golden Bear to defend the insureds against any suit seeking such damages, up to the limits of the Policy.

15. Golden Bear's duty to investigate, defend and indemnify its insureds ends when it has used up its applicable limit of insurance by payment of costs, fees, expenses, or indemnity.

16. When the applicable limit exhausts from the payment of any judgment and/or

**COMPLAINT FOR DECLARATORY JUDGMENT – Page 3**

defense costs and fees, the insured agrees to assume payment for all further costs and expenses incurred, including attorney fees, from the date of the payment that exhausts the policy limit until the claim, demand or suit is resolved.

17. Golden Bear has no duty to defend or indemnity the insureds or otherwise resolve any claim(s) pending against the insureds after exhaustion of the applicable limit.

18. The Combined Assault & Battery Aggregate Limit is the most Golden Bear will pay for coverage regardless of the number of claims or "suits" brought against the insureds arising out of more than one "occurrence" and/or "common cause."

*The Underlying Lawsuit*

19. The underlying personal injury lawsuit arises from an altercation at Concrete Cowboy, a Houston restaurant and bar, on New Year's Eve in 2018. Clemens and Capel (patrons of Concrete Cowboy) sued Concrete Cowboy and one of its owners, Wierck, for physical injuries they claim were sustained during the altercation at the bar.

20. The Underlying Lawsuit included causes of action for negligence, assault, negligent security, and gross negligence. A true and accurate copy of the Fourth Amended Original Petition, the operative pleading at the time of trial of the Underlying Lawsuit, is attached hereto as Exhibit 2, and incorporated herein by reference.

21. Pursuant to Concrete Cowboy and Mr. Wierck's request, Golden Bear agreed to and did defend its insureds in the Underlying Lawsuit, with counsel of their choosing.

22. Between February 1, 2021 to February 5, 2021, Clemens and Capel presented at trial claims against Concrete Cowboy for assault, aggravated assault, negligence, premises liability and gross negligence. Against Wierck, Clemens and Capel presented assault, aggravated assault, negligence, and gross negligence claims.

**COMPLAINT FOR DECLARATORY JUDGMENT – Page 4**

23. Following the five-day trial, the case was submitted to the jury on each of the claims. The jury returned a verdict against Concrete Cowboy and Wierck and awarded Clemens and Capel damages totaling $3,200,000. Specifically, the jury found that (i) Wierck was liable for negligence but not liable for assault or gross negligence and (ii) Concrete Cowboy was liable for assault, negligence, and premises liability but not liable for gross negligence.

24. The trial court signed a Final Judgment on April 26, 2021 in favor of Clemens and Capel which was modified to omit an award for future physical pain to Defendant Conner Capel and add an award for past and future disfigurement.

25. On behalf of the insureds, Golden Bear retained appellate counsel to file an appeal. At the instruction of the insureds, the appeal was dismissed.

26. Golden Bear tendered the balance of its policy limits to Clemens and Capel with a request that they execute a Partial Release of Judgment.

### *Stowers Claim*

27. Concrete Cowboy and Wierck have sought indemnification under the Policy for the judgment entered in the Underlying Lawsuit. While Golden Bear does not dispute that indemnity coverage is owed, the amount of indemnity coverage to which the insureds are entitled is a matter of contention among all of the parties to this lawsuit.

28. Counsel for Clemens and Capel maintain that the full amount of the judgment should be paid by Golden Bear and also that it is liable to Defendants for extra-contractual damages under *GA Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

### CAUSES OF ACTION

**COUNT ONE (Request for Declaratory Relief – Eroding Available Policy Limits)**

**COMPLAINT FOR DECLARATORY JUDGMENT – Page 5**

US.357704092.01

29. Plaintiff incorporates herein by reference paragraphs 1 through 27 of this Complaint as though specifically alleged herein.

30. The limits of coverage available to satisfy the final judgment are eroded by payment of defense fees and expenses.

31. Plaintiff tendered the balance of the policy limits to Clemens and Capel, exhausting the available policy limits.

32. Plaintiff asks this Court to enter a declaratory judgment under 28 U.S.C. § 2201(a), declaring that it has no obligation to indemnify Concrete Cowboy and/or Wierck for any sums in excess of the available policy limits towards the final judgment. This Court's declaration shall have the force and effect of a final judgment or decree. 28 U.S.C. § 2201(a).

**COUNT TWO (Request for Declaratory Relief –** *Stowers* **Liability)**

33. Plaintiff incorporates herein by reference paragraphs 1 through 32 of this Complaint as though specifically alleged herein.

34. To succeed on a Stowers claim under Texas law, the plaintiff must establish: (i) unconditional demand (offers a full and final release for the insured); (ii) within the policy limits; (iii) ordinarily-prudent insurer would accept demand, considering the likelihood and degree of the insured's potential exposure to an excess judgment; and (iv) the claims are covered by the policy. *See American Physicians Insurance Exchange v. Garcia*, 876 S.W.2d 842 (Tex. 1994).

35. Golden Bear maintains that neither Concrete Cowboy and Wierck, nor Clemens and Capel as the purported assignee holder of a *Stowers* claim, can establish these elements.

36. At no time did Clemens and Capel either individually, or together, make a settlement demand upon Concrete Cowboy and/or Wierck which complied with the requirements of *Stowers*.

37. Under these circumstances, Plaintiff respectfully requests this Court to enter a declaratory judgment under 28 U.S.C. § 2201(a), declaring that it has no extra-contractual liability

to any of the Defendants in this cause of action because Clemens and Capel did not make a settlement demand upon the insureds which complied with the requirements of *Stowers*. This Court's declaration shall have the force and effect of a final judgment or decree. 28 U.S.C. § 2201(a).

## COUNT THREE (Attorneys' Fees)

38. Plaintiff incorporates herein by reference paragraphs 1 through 37 of this Complaint as though specifically alleged herein.

39. It has been necessary for Plaintiff to retain the law firm of Faegre Drinker Biddle & Reath, LLP to represent it in this lawsuit. Plaintiff has agreed to pay Faegre Drinker a reasonable sum for attorneys' fees incurred in representing them in this matter. Plaintiff is also entitled to recover their reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code §38.001 and 37.009.

## CONCLUSION

Pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, Golden Bear Insurance Company respectfully requests this Court to enter a declaratory judgment as follows and to grant any other and further relief as this Court deems just:

1. That this Court determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

2. That this Court declare, pursuant to Count One of this Complaint, that Golden Bear has no duty to further indemnify Concrete Cowboy and/or Wierck;

3. That this Court declare, pursuant to Count Two of this Complaint, that Golden Bear has no duty to pay any sum to Clemens and Capel as potential judgment creditors of Concrete Cowboy and/or Wierck for any amount of the Judgment in the Underlying Lawsuit in excess of the balance of the policy limits that were tendered to Clemens and Capel;

4. That this Court award to Golden Bear, pursuant to Count Three of this Complaint, its reasonable and necessary attorneys' fees incurred in representing Plaintiff in connection with

this lawsuit; and

    5.    That this Court further award to Golden Bear its costs of court.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ George S. McCall*
George S. McCall
TX Bar No. 13344800
george.mccall@faegredrinker.com
Sondra S. Sylva
TX Bar No. 24033017
sondra.sylva@faegredrinker.com

1717 Main Street
Suite 5400
Dallas, TX 75201-7367
Telephone:    469-357-2500
Facsimile:    469-327-0860
ATTORNEYS FOR GOLDEN BEAR INSURANCE COMPANY